Travers, J.
The Defendant, John M. Whittemore (Whittemore) filed this motion to dismiss on April 16, 1997. Whittemore is seeking to dismiss the Plaintiff, W.E. Aubuchon Co., Inc.’s (Aubuchon) Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, Whittemore’s Motion to Dismiss is hereby ALLOWED.[1]
BACKGROUND
The following facts are taken from Aubuchon’s Amended Complaint. Whittemore was a long-term employee with Aubuchon, as a truck driver. In late March 1996, Whittemore was suspended[2] for three days for refusing to work on three separate occasions *69 due to claims of injury, and his failure to substantiate these claims with medical records. After a hearing, the suspension was approved by the Massachusetts Board of Conciliation and Arbitration.
On March 29, 1996, while working for Aubuchon, Whittemore was allegedly injured while making a deliveiy to Rutland, Vermont. As a result of the alleged injury, Whittemore was out from work beginning on or about March 29, 1996,[3] after reporting his injury to Aubuchon. As a result of the alleged injury, Whittemore filed a workers’ compensation claim for benefits.[4]
Suspecting that Whittemore was misrepresenting the extent of his claimed injuries, Aubuchon obtained covert surveillance of Whittemore allegedly conducting activities between April 3 and April 13, 1996, which indicate that Whittemore misrepresented his injuries to his own doctor. These alleged activities Include walking; standing; bending; exerting pressure by lifting and carrying items; using a sledge hammer; driving; and doing "all or most of the things required of your job.” Additional surveillance conducted on October 22, November 5 and November 6, 1996 reveal Whittemore allegedly conducting activities such as lifting a sewer cover and septic hose; bending; retrieving tools; bending to retrieve election signs; using a sledge hammer to make holes for the signs; holding signs; carrying empty cases of cans at a recycling center; throwing and kicking trash out of a pickup truck; pushing a reclining chair out of the truck; and jumping out of the truck. Aubuchon states that Whittemore appeared “to be in no pain while performing these duties.”
Aubuchon terminated Whittemore’s employment on December 13, 1996.[5] On January 16, 1997, Aubuchon filed this cause of action against Whittemore, alleging that Whittemore committed fraud in a workers’ compensation proceeding.[6]
Whittemore’s Answer, filed on February 10, 1997, raised numerous affirmative defenses, including Aubuchon’s failure to state a claim under which relief could be granted. Whittemore also set forth a counterclaim.[7] Whittemore filed this motion to dismiss on April 16, 1997, and a hearing was held on September 12, 1997.[8]
Aubuchon’s Amended Complaint alleges that Whittemore’s claim for benefits is “fraudulent and ... brought and prosecuted . . . with an intent to defraud ...” Aubuchon alleges that Whittemore failed to respond to correspondence seeking medical records or provide requested medical documentation, and gave conflicting explanations as to how the Rutland, Vermont injury occurred.
Aubuchon alleges that the surveillance conducted during 1996 reveals that Whittemore’s claim is fraudulent. For damages, Aubuchon claims that it has suffered injury as a result of Whittemore’s fraudulent claim for benefits because its worker compensation insurance policy is a “loss sensitive insurance program.” This program requires Aubuchon to reimburse payments of claims and administrative expenses “at a rate of 136% of the actual payments and costs incurred.’’[9]
DISCUSSION
A. Standard
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. See, Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). ‘The plaintiff need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). The complaint is accorded a “generous reading.” New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988). Any materials outside the four comers of the complaint are excluded when deciding a motion to dismiss; only the facts set forth in the complaint are considered. See, General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). As stated in footnote 5, supra, this Court will consider the Termination Letter as it was properly incorporated into the Amended Complaint.
B. Aubuchon’s Claim For Relief
Aubuchon sets forth in its Amended Complaint the relevant provision of G.L.c. 152, §14(2) upon which it seeks relief. The relevant portion of that statute reads as follows:
If it is determined that in any proceeding within the division of dispute resolution, [a party, including attorneys and medical witnesses, acting for the employee or insurance company] concealed or knowingly failed to disclose that which is required by law to be revealed, knowingly used perjured testimony or false evidence, knowingly made a false statement of fact or law, participated in the creation or presentation of evidence which he knows to be false, or otherwise engaged in conduct that such party knew to be illegal or fraudulent, the party’s conduct shall be reported to the general counsel of the insurance fraud bureau.
G.L.c. 152, §14(2) (West 1997 Supp.) (emphasis added). Despite the insurance fraud bureau’s response to such a claim, the offending party can be fined. Id. The statute also permits the employer, employee or insurance company to file an action under this statute in the Superior Court, as Aubuchon has done in the present case. Id.
Based upon the facts set forth above, Aubuchon alleges that Whittemore violated the provisions of this statute. Reading the Amended Complaint generously, Aubuchon alleges that because Whittemore failed to cooperate with his employer, and more importantly, *70 was observed through surveillance performing actions which call his alleged injuries into question, Whittemore’s claim for worker compensation benefits is fraudulent under G.L.c. 152, §14(2). This reading of the Amended Complaint leads to the conclusion that Aubuchon interprets the provision “any proceeding within the division of dispute resolution” to not be a fixed point in time where evidence is presented to a tribunal or a hearing is held, but rather a continuum extending from the time the claim for benefits is filed up and through the award or denial of benefits.[10]
Whittemore defines “any proceeding” differently than Aubuchon, setting forth a definition supporting his contention that Aubuchon’s Amended Complaint does not set forth a claim for relief. Whittemore maintains that, absent an allegation that any wrongful actions occurred during “any proceeding within the division of dispute resolution,” Aubuchon’s Amended Complaint cannot survive a motion to dismiss.
The applicable statute does not define what constitutes a “proceeding” and this Court has found only one opinion which addresses the issue. See, Matter of Charles Murphy, Department of Industrial Accidents Docket No. 5304490 (Reviewing Board Decision, January 31, 1997) (Fischer, A.L.J.; Kirby, A.L.J.; Wilson, A.L.J.),[11] (“Matter of Murphy”). In Matter of Murphy, the Reviewing Board interpreted the term “proceeding” in light of the prior and revised versions of the statute. Id. at 6. Following the standard for statutory interpretation set forth in Industrial Fin. Corp. v. State Tax Comm'n, 367 Mass. 360, 364 (1975) (“statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language"), the Board found that in the revised version of the statute, “proceeding” follows the definition set forth in Blacks Law Dictionary, namely “the form and manner of conducting judicial business before a court or judicial officer.” Matter of Murphy, at 8. Based on this common usage, the Board found that
[t]here are four stages of proceedings at the Department: conciliations, conferences, hearings, and appeals at the reviewing board. The fraud under §14(2) must occur at one of these events. A party alleging fraud at a prehearing proceeding must place the evidence of the alleged activity on the record at hearing. A developed record at hearing, of the prehearing proceeding actionable activities is thus necessary to support a finding that §14(2) violations took place in any such prior proceeding.
Id. The Board went on to suggest that any fraud which may have occurred in a proceeding must “influence the outcome of a proceeding.” Id. at 9.
Based upon the interpretation set forth by the Department of Industrial Accidents Review Board, it cannot be said that general misrepresentations alone, unconnected to a “proceeding,” constitute a violation of §14(2). To be successful in its cause of action, Aubuchon must allege that Whittemore committed a prohibited act, during one of the four proceedings identified in the Board’s opinion in Matter of Murphy.
Even assuming all allegations within the Amended Complaint to be true, the Amended Complaint fails to allege that any prohibited conduct occurred during a proceeding. In effect, the Amended Complaint sets forth instances of possible misconduct by Whittemore, but fails to state a claim pursuant to G.L.c. 152, § 14(2) upon which this Court may grant Aubuchon relief for such misconduct.[12] However, should there be instances of misrepresentation or fraud in a future proceeding, Aubuchon may have a viable cause of action and may file a new complaint against Whittemore at that time.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant, John M. Whittemore’s Motion to Dismiss is ALLOWED.

Whittemore’s Motion to Dismiss addresses issues and facts outside the four corners of the Amended Complaint. This Court does not address those issues and facts, and need not convert the motion to a motion for summary judgment under Mass.R.Civ.P. 56, because the Amended Complaint itself fails to state a claim upon which relief can be granted under Rule 12(b)(6).

It is unclear whether the suspension occurred before or after the March 29, 1996 injury discussed below.

It is unclear when, if ever, Whittemore returned to work at Aubuchon following the alleged injury.

It is unclear from the Amended Complaint when the worker compensation claim was filed.

Aubuchon incorporates into the Amended Complaint through Paragraph 7 the Termination Letter of that date. The Amended Complaint and all attachments incorporated thereto are considered when addressing a motion to dismiss. See, Fairneny v. Savogran Company, 422 Mass. 469, 470 (1996). In addition, the Amended Complaint appears to have six additional attachments, three of which are copies of the December 13, 1996, Termination Letter, one Notice of Deposition, one Motion under Mass.R.Civ.P. 30(a) and 45, and one copy of Whittemore’s Employee’s Claim. These six attachments are not otherwise specifically referenced in the Amended Complaint, and to avoid confusion the Court will not rely upon these documents in deciding the instant motion.

The Superior Court (Donohue, J.) granted leave to amend the Complaint. The Amended Complaint inserted the recent, revised version of G.L.c. 152, §14(2), and quoted language from an attached Termination Letter to specifically plead fraud.

The counterclaim raises the following three counts: Abuse of Process: Violation of G.L.c. 231, §6F, seeking costs, expenses and interest for insubstantial, frivolous or bad faith claims; and Violation of G.L.c. 149, §52C. Because there is no cross motion to dismiss before the Court, all three counts of Whittemore’s counterclaim survives the present motion to dismiss.

Counsel for Aubuchon did not appear at the hearing due to errors in his schedule. This Court does not construe his absence as assent to Whittemore’s motion nor as an indication of lack of interest.

Aubuchon’s Memorandum in Opposition to Plaintiffs Motion to Dismiss states that the charges are 135%. Because *71 the inconsistency is de minimis, it is not addressed further herein.

Both Whittemore’s and Aubuchon’s Memoranda indicate that there was a “proceeding" for worker compensation benefits, at which Whittemore’s benefits were denied. Because Aubuchon’s Amended Complaint does not state that this hearing occurred, nor does it state that fraud occurred at the proceeding, this fact is not relied upon in this Memorandum of Decision.

This case was appealed to the Appeals Court, Docket No. 97-J- 111. The hearing date has not yet been scheduled.

In addition to finding that the Amended Complaint fails to state a claim upon which relief can be granted, it follows that based upon the definition of “proceeding” adopted in this Memorandum, unless and until a proceeding has occurred, Aubuchon’s cause of action is premature. If a proceeding is held during which Aubuchon presents evidence of Whittemore’s alleged misconduct, and Whittemore subsequently commits a fraud during the proceeding which influences the outcome of the proceeding, then Aubuchon will have a viable cause of action. See footnote 6, supra.